## J. C. CALDWELL *v.* CHAS. BAKER.

**Injunction—Liability on Bond—Dissolution.**

> Although the action of trespass might have been maintained by the appellee for the destruction of his corn by the appellant, still this does not preclude him from his action against the appellant for the damages sustained by reason of the injunction. After the dissolution, and not before, the appellee was entitled to gather his corn, but in the meantime it had been gathered by appellant, therefore he was entitled to his corn or the proceeds.

APPEAL FROM HICKMAN CIRCUIT COURT.

September 27, 1872.

OPINION BY JUDGE PRYOR:

Although an action of trespass might have been maintained by the appellee for the destruction of his corn by the appellant, still this does not preclude him from his action against the appellant for the damages he sustained by reason of the injunction.

This injunction was not dissolved until September, 1867, and by it the appellee was restrained from gathering his corn. He had no right to gather it until the dissolution of the injunction, as it was to prevent this act on his part that the injunction was obtained. After its dissolution and not before he was entitled to gather, use and dispose of it, but in the meantime it had been gathered by the appellant or destroyed. The appellant could not maintain his action for damages by reason of the wrongful restraint put upon him by the injunction until its dissolution, and

when dissolved he was entitled to his corn or the proceeds.

The judgment is *affirmed*.

*W. R. Bradley, for appellant.*

*Silvertooth, for appellee.*

The judgment is *affirmed*.